**HUGHES & SUHR LLC**
1341 W. Fullerton Ave., Suite 171
Chicago, IL 60614

July 24, 2026

Judge Nancy Rosenstengel
Via CM / ECF

RE:    Top Metal Buyers v. Lopinot, 3:24-cv-01073-NJR

Your Honor,

Plaintiffs are aware of the motion to dismiss the third-party complaint filed by tax buyers Raven Security and VI (ECF 165). As this motion is between the Defendants and the Third-Party Defendants, and because in all events the tax buyers and Counties would be joint and severally liable under § 1983, *Goudy v. Cummings*, 922 F.3d 834, 843 (7th Cir. 2019), Plaintiffs do not plan to file a substantive response.

However, Plaintiffs are directly interested in one small slice of the third-party complaint, namely the Counties' contention that the indemnity funds fix the constitutional problem (*see* ECF 165 at 14: "The Counties seek a declaration [ ] that the Indemnity Fund immunizes them from liability under *Tyler*"). Plaintiffs oppose that proposition (ECF 143, Third Amended Compl. ¶¶ 87-102), and they respectfully remind Your Honor that you have already rejected it in your ruling on the motion to dismiss the Plaintiffs' complaint. *Top Metal Buyers Inc. v. Lopinot*, 2025 U.S. Dist. LEXIS 193625, *30 (S.D.Ill. Sept. 30, 2025) ("The Court agrees with Plaintiffs that the existence of the Indemnity Fund does not relieve Defendants of the Constitutional requirement to provide just compensation when private property is taken for public use."). *Accord Kidd v. Pappas*, 2025 U.S. Dist. LEXIS 252918 (N.D.Ill. Dec. 8, 2025) (similar); *Sharritt v. Henry*, 2024 U.S. Dist. LEXIS 189825 (N.D.Ill. Oct. 18, 2024) (similar). This ruling is reinforced by the Supreme Court's decision in *Pung v. Isabella County*, 225 L. Ed. 2d 373 (2026), which confirmed the former property owner's entitlement to the surplus proceeds from their property.

Very truly yours,

*/s/ Daniel R. Suhr*

Counsel for Plaintiffs