**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TOP METAL BUYERS INC., et al.,<br>Plaintiffs,<br><br>v.<br><br>ANDREW LOPINOT, et al.,<br>Defendants.<br><br>ANDREW LOPINOT, et al.,<br>Third-Party Plaintiffs,<br><br>v.<br><br>RAVEN SECURITIES, INC., SOUTHWESTERN ILLINOIS PROPERTIES, LLC, VI, INC., BLUESTEM PROPERTIES, LLC, JICTB INC., MS INVESTMENT GROUP, INC., and SABRE INVESTMENTS, LLC, on behalf of themselves and all others similarly situated,<br>Third-Party Defendants. | ) | Case No. 3:24-cv-01073-NJR |

**THIRD-PARTY DEFENDANTS BLUESTEM PROPERTIES, LLC AND SOUTHWESTERN ILLINOIS PROPERTIES, LLC'S RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

Third-Party Defendants Bluestem Properties, LLC ("Bluestem") and Southwestern Illinois Properties, LLC ("SWIP") (together, "Movants"), by and through their attorneys, Riezman Berger, P.C., and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, move this Court to dismiss with prejudice the Third-Party Complaint (Doc. 121) filed by Defendants/Third-Party Plaintiffs Andrew Lopinot, St. Clair County, Joe Aiello, Sangamon County, Kelly Vincent, Henry County, Angela G. Graves, McDonough County, Chris Slusser, and Madison County (collectively, the "Counties"). In support of this Motion, Movants state as follows:

1. Plaintiffs sue the Counties under 42 U.S.C. § 1983 and Illinois law, alleging that the Counties adopted a policy of transferring tax-delinquent property by tax deed without paying the former owner just compensation for the surplus value of the property. (Doc. 143.) This Court has held that Plaintiffs challenge "the Treasurers' discretionary policy decision not to provide just compensation after the property is transferred," not the tax deeds themselves, and that the statutory Indemnity Fund "does not relieve Defendants of the Constitutional requirement to provide just compensation." (Doc. 97 at 13-14, 17, 21.)

2. On April 29, 2026, the Counties filed the Third-Party Complaint against seven named tax buyers, including Movants, and a proposed defendant class of tax buyers. (Doc. 121, ¶¶ 23-24.) The Third-Party Complaint pleads three counts: Count I, for a declaratory judgment that the Indemnity Fund immunizes the Counties from liability or, alternatively, that tax buyers are state actors who must reimburse any value in excess of the tax delinquency; Count II, for contribution under 42 U.S.C. § 1988; and Count III, for contribution under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et seq.* In Counts II and III the Counties allege that the tax buyers' "pro rata share" of the Counties' liability is one hundred percent. (*Id.* ¶¶ 46, 57, 62-63, 72-80.)

3. Movants were served on July 13, 2026 (SWIP) and July 22, 2026 (Bluestem). (Docs. 157, 170.) By Order of August 31, 2026, the Court extended Movants' time to respond to the Third-Party Complaint to and including September 11, 2026. (Doc. 187.) This Motion is timely.

4. The Third-Party Complaint should be dismissed under Rule 12(b)(1) because the Counties lack standing. The Counties lack standing to assert the constitutional injury at issue in Plaintiffs' claims. The only constitutional injury alleged in this case is the deprivation of Plaintiffs'

surplus equity. The Counties owned none of the properties, allege that they received only the delinquent taxes they were owed, and were deprived of nothing by Movants. The Counties therefore have not alleged an injury to a legally protected interest of their own that would permit them to recover for the constitutional injury asserted by Plaintiffs. In addition, as political subdivisions of the State, the Counties are not "persons" who may invoke the Fifth or Fourteenth Amendments or bring a claim under Section 1983. *City of E. St. Louis v. Cir. Ct. for the Twentieth Judicial Cir.*, 986 F.2d 1142, 1144 (7th Cir. 1993).

5. The Third-Party Complaint should be dismissed under Rule 12(b)(6) because it does not plead the derivative liability that Rule 14(a)(1) requires. Count I seeks a declaration on the Counties' own defense to Plaintiffs' claims and, alternatively, a declaration that Movants, rather than the Counties, must answer to Plaintiffs for the surplus value, a liability Movants deny. Neither theory establishes derivative liability from Movants to the Counties. The first is a defense to Plaintiffs' claims; the second, even if legally viable, would concern a potential obligation to Plaintiffs—not an obligation to the Counties. Fed. R. Civ. P. 14(a)(1); *U.S. Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1051-53 (7th Cir. 1979). The Third-Party Complaint is also deficient as to Bluestem and SWIP because it does not identify any specific conduct by either Movant that allegedly caused or contributed to the Counties' liability. The pleading does not identify a specific parcel, tax sale, certificate of purchase, tax-deed proceeding, former owner, communication with a County official, or agreement involving either Movant, but instead relies on generalized allegations concerning tax buyers as a group.

6. The Third-Party Complaint should be dismissed under Rule 12(b)(6) because the allegations do not establish that Bluestem or SWIP acted under color of state law. The Counties allege only that tax buyers purchased delinquent taxes at sales the Counties conducted, received

certificates of purchase, petitioned Illinois circuit courts for tax deeds, and received deeds that county clerks issued on court order. (Doc. 121, ¶¶ 3-7, 17-22, 33-42.) Those allegations describe participation in a statutory process, not the exercise of a governmental function. The purchase and enforcement of a state-created lien is not a traditional and exclusive public function, *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157-64 (1978); *Hinman v. Lincoln Towing Serv., Inc.*, 771 F.2d 189, 193 (7th Cir. 1985); the Counties plead no agreement, coordination, or meeting of the minds with Movants, *Scott v. Univ. of Chi. Med. Ctr.*, 107 F.4th 752, 758 (7th Cir. 2024); and the Counties plead no entwinement or overlapping identity, *id.* at 761. Nor does a private party become a state actor merely because it invokes a judicial or statutory remedy. The Counties' allegations establish that the circuit courts—not Movants—determined whether the statutory requirements for issuance of a tax deed were satisfied and ordered the deeds to issue. The Counties further allege that the county clerks performed the ministerial act of issuing deeds pursuant to those court orders. Without state action there can be no liability under Section 1983. *Id.* at 762.

7. Counts II and III independently fail because the Counties have no legally cognizable right of contribution from Movants. No right of contribution exists under Section 1983. *Nw. Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77, 90-95 (1981). Section 1988 likewise does not create an independent substantive right of contribution. Nor may Section 1988 be used to import a state-law remedy that is inconsistent with the purposes and remedial structure of Section 1983. *Robertson v. Wegmann*, 436 U.S. 584, 588-91 (1978). The Illinois Joint Tortfeasor Contribution Act applies only among persons "subject to liability in tort" to the injured party. 740 ILCS 100/2(a). The Counties have not alleged that Bluestem or SWIP is liable in tort to Plaintiffs for the constitutional injury alleged in this case. Without common liability to the injured party,

there can be no statutory contribution obligation. The Counties' demand for one hundred percent of their liability is a claim for indemnity, not contribution, and Illinois law does not recognize implied indemnity in favor of a party that is liable for its own conduct and that has no qualifying pre-tort relationship with the proposed indemnitor. *Sharritt v. Henry*, No. 23 C 15838, 2026 WL 795868, at *7-8 (N.D. Ill. Mar. 20, 2026) (Doc. 184-1).

8. Count I should be dismissed because it does not present an actual controversy between the Counties and Movants. Count I seeks a declaration concerning the legal consequences of a liability that has not been imposed on the Counties and that depends on future contingencies, including whether Plaintiffs prevail, whether the Counties establish any defenses, and what judgment, if any, is entered against the Counties. 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The declaratory-judgment label does not transform an otherwise contingent contribution or indemnity theory into an actual controversy. The Counties are effectively asking the Court to decide now who should bear a potential future judgment. That request is premature and advisory.

9. Alternatively, the Third-Party Complaint establishes on its face that Movants have a good-faith defense to any damages liability under Section 1983. Where a private party acts in good-faith reliance on state law as it then stood, the Seventh Circuit recognizes a good-faith defense to Section 1983 damages liability. *Janus v. AFSCME, Council 31*, 942 F.3d 352, 361-67 (7th Cir. 2019); *Mooney v. Ill. Educ. Ass'n*, 942 F.3d 368 (7th Cir. 2019) (affirming Rule 12 dismissal on that defense). The Counties' own allegations establish that tax buyers proceeded pursuant to the Illinois Property Tax Code and that Illinois circuit courts determined whether the statutory requirements for issuance of tax deeds had been satisfied and ordered the deeds to issue. (Doc. 121,

¶¶ 12, 21, 32, 39-42, 56.) Because the Counties' own allegations establish the defense, it may be resolved on this motion. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

10. If any part of the Third-Party Complaint survives, the Court should strike the defendant-class allegations under Rules 23(c)(1)(A) and 23(d)(1)(D), because the pleading shows that the individualized questions bearing on each tax buyer's liability preclude certification and that Movants are not adequate representatives of the proposed class. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

11. Materially identical third-party claims by Illinois counties against tax buyers were dismissed in *Sharritt v. Henry*, No. 23 C 15838, 2026 WL 795868 (N.D. Ill. Mar. 20, 2026), a copy of which is already of record as Exhibit A to Doc. 184. Movants join and adopt, to the extent applicable to them, the motions to dismiss filed by Third-Party Defendants Raven Securities, Inc. and VI, Inc. (Doc. 165), JICTB Inc. (Docs. 180, 181), and Sabre Investments, LLC (Doc. 184).

12. Pursuant to Local Rule 7.1, Movants submit contemporaneously herewith a Memorandum in Support of this Motion, which is incorporated by reference.

WHEREFORE, Third-Party Defendants Bluestem Properties, LLC and Southwestern Illinois Properties, LLC respectfully request that this Court enter an order dismissing the Third-Party Complaint (Doc. 121) as to them, with prejudice, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; in the alternative, striking the defendant-class allegations of the Third-Party Complaint; and granting such other and further relief as this Court deems just and proper.

**RIEZMAN BERGER, P.C.**

By: Bentley J. Bender

Bentley J. Bender, ARDC #6282500
7700 Bonhomme Avenue, Seventh Floor
St. Louis, Missouri 63105
Telephone: 314.727.0101
Facsimile: 314.727.6458
Bender@riezmanberger.com

Attorneys for Third-Party Defendants
Bluestem Properties, LLC and
Southwestern Illinois Properties, LLC

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on September 11, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Bentley J. Bender
/s/ Bentley J. Bender